UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAPITOL INDEMNITY CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1248 CDP |
| ) | |
| SCHAEFER GROUP, INC., et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

In this declaratory action, plaintiff Capitol Indemnity Corporation seeks a determination of whether an insurance policy it issued to defendant Schaefer Group, Inc. Covers a judgment obtained by defendant Kingsland Investments, LP against Schaefer in state court. Capitol has filed a motion to consolidate this action with a related case, *Kingsland Investments, LP v. Schaefer Group Inc.*, No. 4:09CV1804 CDP, a garnishment action in which Kingsland sued Capitol and Schaefer to recover the earlier judgment. Capitol removed 4:09CV1804 CDP to federal court on the basis of diversity. Because I do not have jurisdiction over that case, I have remanded it to state court. Accordingly, Capitol's motion to consolidate is moot, and will be denied.

Capitol has also moved for summary judgment, arguing that coverage does not exist under the insurance policy because there was no "occurrence" or

"property damage" under the language of the policy, and because multiple exceptions apply excluding coverage. Rather than respond to the motion on the merits, Kingsland has asked that I stay the motion under Fed. R. Civ. P. 56(f) so that it may conduct necessary discovery. I decline to do so. The discovery requested by Kingsland – information on Capitol's investigation and analysis of the claim and Capitol's policies, practices, and procedures relating to the interpretation of the policy provisions on which it based its denial – is irrelevant to the issue on summary judgment. The issue in this declaratory judgment suit is whether Capitol owed a duty to defend and indemnify the Schaefer defendants for the claims asserted in the underlying lawsuit filed by Kingsland against Schaefer. The discovery requested by Kingsland is irrelevant to this legal question. I will deny Kingsland's motion to stay, and give Kingsland twenty days from the date of this Order to respond to Capitol's motion for summary judgment on the merits. Capitol may then reply in the time accorded by the Federal Rules.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to consolidate [#47] is DENIED as moot.

**IT IS FURTHER ORDERED** that defendant Kingsland's motion to stay motion for summary judgment [#43] is DENIED. Defendants must respond to

plaintiff's motion for summary judgment on the merits within twenty days of the date of this Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2010.