UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CAPITOL INDEMNITY CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:08CV1248 CDP |
| SCHAEFER GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This is an insurance coverage dispute about faulty roof repair. Defendant Kingsland Investments, LP owns a warehouse in St. Louis, Missouri. Kingsland hired defendants Mark Schaefer and Schaefer Group, Inc. (collectively "Schaefer") to do repair work on the warehouse roof. When things went awry with the roof repair, Kingsland sued Schaefer in state court for negligence. Schaefer made a claim against its insurer, plaintiff Capitol Indemnity Corporation, who agreed to defend under a reservation of rights. Capitol then filed this declaratory judgment case, asking for a declaration that its policy does not cover the claim, and that it had no duty to defend or indemnify Schaefer in the state court action. Judgment has since been entered against Schaefer in the state negligence suit, and Kingsland has filed an equitable garnishment action against Schaefer and Capitol – also in state court – to recover that judgment.

After Capitol moved for summary judgment in this case and in the state garnishment case, Schaefer and Kingsland filed a motion to dismiss this case, arguing that I should abstain from deciding the issues on summary judgment because the pending state case will resolve all the issues raised here. Because I agree with defendants that the issues raised in this case would be better addressed in the parallel garnishment action pending in Missouri state court, I will grant defendants' motion to dismiss.

**<u>Background</u>**

In 2005, Kingsland hired Schaefer to perform roof coating work on Kingsland's St. Louis warehouse. After Schaefer completed its work on the roof, the roof started leaking, causing damage to the interior of the warehouse. Three cases have been filed – two in state court, and this one, in federal court – as a result of this faulty roof repair.

The legal disputes between Schaefer, Kingsland, and Capitol have been going on for almost four years. On September 14, 2006, Kingsland filed suit in state court against Schaefer for negligence. *Kingsland Invs., LP v. Schaefer Group, et al.*, No. 2106CC-03680 (21st Jud. Cir. filed Sept. 14, 2006). Schaefer then filed a claim under its insurance policy with Capitol asking Capitol to provide a defense and indemnity for the lawsuit. Capitol agreed to defend but reserved all of its rights under the policy, including the right to disclaim coverage and

withdraw from the defense. For over two years, Capitol undertook the defense of Schaefer in the underlying state case, subject to this complete reservation of rights.

On August 26, 2008, while the state case was pending, Capitol filed this case in federal court against Schaefer and Kingsland. Here, Capitol is asking for a declaration that no coverage exists under the policy and that Capitol had no duty to indemnify or defend Schaefer in the underlying state action. Capitol did not obtain service on Schaefer until ten months after the suit was filed, and so the scheduling conference was not held until almost a year later, on August 28, 2009.

Also in August 2009, Schaefer made a demand upon Capitol to withdraw its reservation of rights in the underlying state case, and to indemnify Schaefer for any damages covered by the policy. Schaefer further informed Capitol that, if Capitol did not withdraw its reservation of rights, Schaefer intended to enter into a Section 537.065-type agreement with Kingsland to resolve the state case.[1] Capitol refused to withdraw its reservation of rights. After this refusal, Schaefer rejected the defense that Capitol had been providing in the underlying state case, and entered into an agreement with Kingsland. The agreement provides that any judgment entered against Schaefer in the state negligence action is executable only against the proceeds from the insurance policy issued by Capitol to Schaefer.

---

[1]Mo Rev. Stat. §537.065 allows a tort-feasor to enter into a contract with a claimant. Under a §537.065 agreement, the claimant and the tort-feasor may contract to limit recovery to specific assets or insurance contracts.

Schaefer agreed not to contest liability, but protected itself from personal or corporate responsibility for the damages, as contemplated by the Missouri statute.

On September 14, 2009, Judge Hartenbach entered Findings of Fact, Conclusions of Law, and Judgment for Kingsland in the amount of $2,190,000 in the underlying state case. Judge Hartenbach also found that the § 537.065-type agreement was fair and reasonable, and entered into after arms-length negotiations and with reasonable notice given to Capitol.

Shortly thereafter, on October 15, 2009, Kingsland filed an equitable garnishment action against Schaefer and Capitol, also in state court, to collect the judgment. *Kingsland Invs. v. Schaefer Group, Inc., et al.*, No. 09SL-CC04485 (21st Jud. Cir. filed Oct. 15, 2009). In that case, Kingsland sued Capitol, as garnishee, arguing that the insurance policy provided coverage for the damage. On October 21, 2009, Capitol filed an amended complaint in this case, adding a claim that the Section 537.065-type agreement entered into in the state case is void as a matter of law, and claiming that the judgment was fraudulently obtained.

Two days later, on October 23, 2009, Capitol filed a motion for summary judgment in this case. Within a week of filing its motion for summary judgment, Capitol removed the state garnishment action to federal court on the basis of diversity jurisdiction, and, on November 23, 2009, moved to consolidate the newly-removed garnishment action with this case. In its motion to consolidate,

Capitol argued that the garnishment action has the same parties, and seeks "a determination of the same precise issue," as the declaratory action, "which is whether coverage exists under an insurance policy issued by Capitol to Schaefer" for the judgment in the underlying state case. On January 11, 2010, I denied Capitol's motion to consolidate the cases, because, on that same date, I remanded the garnishment action to state court for lack of jurisdiction.

On January 26, 2010, Kingsland filed a motion for summary judgment in the state garnishment case. On February 4, 2010, Kingsland and Schaefer filed a motion to dismiss in this case, based on parallel state court proceedings. By March 2, 2010, Capitol's motion for summary judgment, and Kingsland and Schaefer's motion to dismiss, were all fully briefed. In the time between March 2010 and now, the garnishment action in state court has proceeded: cross motions for summary judgment are pending, and it appears from the docket sheet that at least one motion for summary judgment is now fully briefed.

**Discussion**

In general, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Col. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). However, "[f]ederal courts have more discretion to abstain in an action when a party seeks relief under the Declaratory Judgment Act." *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792 (8th Cir.

2008). Defendants argue that I should exercise my discretionary authority under the Declaratory Judgment Act to abstain from deciding this case. The Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201. In *Wilton v. Seven Falls Company*, 515 U.S. 277 (1995), the Supreme Court confirmed the application of the discretionary standard set forth in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942) to a declaratory judgment action where there is a pending parallel state proceeding. In *Wilton*, the Court pointed specifically to the use of the term "may" in the Act, and held that a federal court has considerable discretion in deciding whether to decide a case under the Declaratory Judgment Act. *Wilton*, 515 U.S. at 286. "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id*. The Act is properly characterized as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id*. at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).

In *Wilton*, a federal district court abstained from deciding a declaratory judgment action because a related declaratory judgment case was already pending in state court. 515 U.S. at 280. The Supreme Court confirmed that the district court had acted within the bounds of its discretion because the parallel state action "present[ed] opportunity for ventilation of the same state law issues," and thus abstention in the federal action was proper. *Id*. at 290. Following the Supreme Court's decision in *Wilton*, a number of courts in this circuit have abstained from declaratory actions. *See, e.g. Royal Indemnity,* 511 F.3d 788 (staying a federal declaratory judgment action because a parallel state court case was underway); *Horne v. Firemen's Ret. Sys. of St. Louis*, 69 F.3d 233 (8th Cir. 1995) (dismissing a federal declaratory judgment action for the same reason); *Maritz v. Starek*, No. 4:05CV2093, 2006 WL 1026925 (E.D. Mo. Apr. 18, 2006) (same). To have discretion to abstain in a declaratory judgment case, I must find that the parallel state court proceeding presents "the same issues, not governed by federal law, between the same parties," and I must consider "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Brillhart*, 316 U.S. at 495; *see also Royal Indemnity*, 511 F.3d at 793.

This case involves the same parties as the state proceedings: Kingsland, Schaefer, and Capitol. This is not in dispute: Capitol admitted as much in its motion to consolidate in this case (filed after removing the garnishment action to federal court). All parties are amenable to process in the state case, and all necessary parties have been joined. Further, both the state and federal proceedings involve the same issue, one governed solely by Missouri law: a dispute over whether Schaefer was insured under the Capitol policy for the damage to the roof. Specifically, Capitol initiated this federal proceeding to obtain a declaration that the policy does not cover the loss. Meanwhile, in the state-court garnishment proceeding, Kingsland seeks a determination that Schaefer was insured against the loss by virtue of the insurance policy. Because the two proceedings present the same issue – whether the policy covered the loss suffered by Kingsland – any decision rendered in one of the proceedings "will fully dispose of the claims presented" in the other proceeding. *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009).

The Eighth Circuit has instructed that the key consideration in a district court's decision to abstain in a declaratory judgment action is "to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court" taking into consideration the "scope and nature of the pending state court proceeding." *Capitol Indem. Corp. v. Haverfield*, 218

F.3d 872, 874 (8th Cir. 2000) (citing *Brillhart*, 316 U.S. at 495). In *Haverfield*, the Eighth Circuit held that a district court had abused its discretion when it denied a motion to dismiss a federal action in favor of a parallel state court proceeding. *Haverfield*, 218 F.3d at 875. In *Haverfield*, as here, an insurer filed a declaratory action in federal court asking the court to declare that an insured's policy claim was excluded under the policy. *Id*. at 873-74. There, as here, a state court entered judgment in an underlying state negligence action while the federal court declaratory action was still pending. *Id*. at 874. There, as here, the party to whom judgment was owed filed a state court action to collect judgment from the insurance company based on policy coverage. *Id*. There, as here, the insurer filed a motion for summary judgment in both the state and federal action. *Id*. In *Haverfield*, the federal court declined to abstain and the state court and the federal court reached opposite conclusions on whether the claim was excluded under the policy. *Id*. The Eighth Circuit held that the state court was in the better position to adjudicate the matter, and that, accordingly, the district court should have abstained from deciding the issues. *Id*. at 875. The same result is required here.

Capitol focuses much of its response to the motion to dismiss on the timelines of these related cases, arguing that abstention would be improper because defendants filed for dismissal more than three months after Capitol filed its motion for summary judgment, and over a year after this case was filed. I

disagree. In *Haverfield*, the Eighth Circuit noted that the district court had chosen to maintain jurisdiction on the grounds that the federal complaint had been filed five months before the state court judgment had been entered, and six months before the action to collect that judgment had been filed. *Haverfield*, 218 F.3d at 875. In reversing the district court's decision, the Eighth Circuit emphasized, not the relative timelines of the parallel cases, but the fact that the two cases involved "the same parties, the same issue, the same insurance policies, and the same arguments." *Id*. The court also considered that the resolution of the cases would require the courts to interpret policies that were governed solely by state law. *Id*. It is these factors, not the relative timelines of the two cases, that I must consider when deciding whether to abstain in a declaratory judgment case. Capitol also argues that abstention would be improper because the federal case is further along than the state case. Even if I considered the relative progress of the two cases, fully-briefed summary judgment motions are pending in both the state and federal actions at this time. Neither case, at this time, is significantly further along than the other.

Where a "parallel state court action [is] pending that present[s] the same issues between the same parties," and where "both actions [are] governed solely by state law," allowing the federal action to proceed would be "unnecessarily duplicative and uneconomical." *Id*. Here, I find that the issue of whether Capitol

owes a duty to defend and indemnify the Schaefer defendants – whether coverage exists under the policy – would be better settled by the state court in the parallel garnishment action.[2] The question is one involving solely Missouri law, and the claims of all parties in interest can be satisfactorily adjudicated in the state garnishment proceeding. Permitting this federal action to proceed would be "unnecessarily duplicative and uneconomical." *Id*.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#61] is GRANTED, and this action is dismissed without prejudice.

**IT IS FURTHER ORDERED** all other motions are denied as moot, without prejudice.

*[signature]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of June, 2010.

---

[2] To the extent the parties also dispute the propriety of the §537.065-type agreement, that is also a purely state-law issue better resolved by the state court.